UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PWG REALTORS, as a fiduciary of the PWG REALTORS EMPLOYEES WELFARE BENEFIT PLAN and TRUST; and WAYNE GREEN, as a participant in the PWG REALTORS EMPLOYEES WELFARE BENEFIT PLAN and TRUST, | Case No.: 26-cv-2657-RSH-SBC **ORDER GRANTING DEFENDANT'S APPLICATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** [ECF No. 8] |
| Plaintiffs, | |
| v. | |
| CITY NATIONAL BANK, N.A., in its capacity as trustee of the PWG REALTORS EMPLOYEES WELFARE BENEFIT PLAN and TRUST, | |
| Defendant. | |

Before the Court is an ex parte application by defendant City National Bank, N.A. for an extension of time to respond to the Complaint. Plaintiffs PWG Realtors and Wayne Green oppose. The matter has been fully briefed, and the Court determines that the issue presented is suitable for disposition without oral argument or a noticed motion. Civil Local Rule 7.1.d.1.

1

## I.       BACKGROUND

Plaintiffs filed this action on April 27, 2026, alleging breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") and related claims. ECF No. 1. On April 30, 2026, Plaintiffs effectuated service on Defendant. ECF No. 4 at 3. Defendant's response to the Complaint was therefore due on May 21, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On Friday, May 22, 2026, Plaintiff requested entry of default from the Clerk of Court. ECF No. 5. On Monday, May 25, 2026, the Memorial Day holiday, Defendant appeared through counsel and filed its application for an extension of time to respond. *See* ECF Nos. 6, 8. On May 27, 2026, the Clerk's Office entered default at Plaintiffs' request. ECF No. 10. The same day, Plaintiffs filed an opposition to the motion for extension of time. ECF Nos. 11, 12.

## II.      ANALYSIS

Defendant seeks an extension of 16 days, from May 21, 2026 to June 5, 2026. ECF No. 8 at 2. Defendant explains that it had believed that it had not been served until May 3, 2026, when it was served through an online portal; that it had been actively engaged in searching for counsel since May 3, 2026; that on Friday, May 22, 2026, in the course of discussing whether to engage its present counsel, it learned that Plaintiffs' proof of service reflected service on Apil 30, 2026; that it immediately requested an extension of time to respond from Plaintiffs' counsel, but was denied the request; and that same Friday evening, Defendant engaged its outside counsel, who filed their appearance and request for extension of time over the ensuing holiday weekend. *Id.* at 1-2. Defendant supports this explanation with reasonably detailed declarations. ECF Nos. 8-1, 8-2. One of the declarations, by Defendant's associate general counsel, also explains that around the date of service, Defendant's other in-house attorney, primarily responsible for employment-related litigation, separated from the company, resulting in the declarant's immediate need to manage dozens of new matters. ECF No. 8-2 ¶ 10.

Plaintiffs oppose the extension, arguing that Defendant was aware of this dispute long before the Complaint was filed, and did not respond to pre-lawsuit demands. ECF No. 11 at 5. Plaintiffs also fault Defendant for reaching out by email about an extension through not-yet-retained counsel, and after receiving a refusal from Plaintiffs, for not engaging in a further telephonic or in-person meet-and-confer before filing a request for additional time. *Id.* at 5, 9.

This Court may grant an extension of time, even after the time has lapsed, upon a showing of "good cause" and "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1261.

Plaintiffs concede, in candor, that there is "no measurable prejudice" from the requested extension, and that "the length of delay is short." ECF No. 11 at 13. The Court agrees with Plaintiffs as to these two factors. The requested extension of 16 days, in the circumstances presented here, is not unreasonable. Although by no means to be taken for granted, such extensions are frequently agreed to by opposing parties and routinely granted by courts. The Court finds no evidence of bad faith, and disagrees with Plaintiffs that the manner in which Defendant sought an extension of time from the Court, or the fact that Defendant did not respond to demand letters, is inconsistent with good faith. It is clear from the record that Defendant, in determining the due date for its response, made a mistake of inadvertence rather than one of judgment or tactics; and Defendant's attorneys, once retained, acted as promptly as possible. Although the reasons provided by Defendant for

missing the deadline would not—standing alone and without consideration of the other factors—require granting an extension, the Court determines upon weighing the relevant factors that such an extension is warranted here.

The Court reaches this conclusion also mindful of considerations of judicial economy and case management. Plaintiffs likely have in mind the "end game" of obtaining a default judgment, but it is well established that default judgment is "ordinarily disfavored" and that "[c]ases should be decided upon their merits whenever reasonably possible." *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Plaintiffs' ERISA action, which seeks wide-ranging relief on behalf of a retirement plan, does not lend itself to resolution on a motion for default judgment that is short or simple. In granting Defendant's request, the Court is foregoing future litigation over setting aside a default and/or over entry of default judgment, that may be costly and time-consuming but end up precisely at the same result—namely, allowing Defendant the chance to defend itself on the merits through counsel, who stand ready to defend it despite the fact that their appearance was tardy by a matter of days.

## III.    CONCLUSION

Defendant's application [ECF No. 8] is therefore **GRANTED**. Defendant's period of time to respond to the Complaint is extended *nunc pro tunc* through June 5, 2026. In light of this disposition, the Clerk of Court shall **VACATE** the default [ECF No. 10] that was entered on May 27, 2026 after Defendant's application to extend time was filed.

The Court declines to enter a fee award against Defendant, the prevailing party on this motion, or to impose the other limitations requested by Plaintiffs on Defendant's ability to respond to the Complaint.

**IT IS SO ORDERED**.

Dated: May 29, 2026

_Robert S Huie_
_____
Hon. Robert S. Huie
United States District Judge

4

26-cv-2657-RSH-SBC